UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

ERNESTO RAMIREZ-MARIN, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                              Plaintiff,

          -against-

JD CLASSIC BUILDERS CORP and GEORGE ROTH,
an individual,

                          Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

**Jury Trial Demanded**

ERNESTO RAMIREZ-MARIN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JD CLASSIC BUILDERS CORP ("JD Classic Builders") and GEORGE ROTH, an individual ("Roth"), (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a construction company and its owner and day-to-day overseer - - as a construction laborer from in or about May 2004 to February 15, 2016.  During his employment, and as relevant to this Complaint, for the six-year period pre-dating the commencement of this action, Defendants required Plaintiff to work, and Plaintiff did work, sixty hours per week.  However, Defendants only paid Plaintiff for the first forty hours that he worked each week, failing to pay him at any rate of pay, let alone his overtime rate of pay, for all hours that he worked over forty each week.  Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

3.      Defendants paid and treated all of their non-managerial employees who worked for them in the same manner.

4.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.  Plaintiff also brings his claims under the NYLL and its implementing regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants resides in this judicial district, and 28 U.S.C. § 1391(b)(2), as a

substantial part of the acts and/or omissions comprising the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA and the NYLL.

8.      At all relevant times, Defendant JD Classic Builders was and is a corporation organized under the laws of the State of New York with its principal place of business located at 141-04 73rd Terrace, Flushing, New York, 11367.

9.      At all relevant times, Defendant Roth was the owner and day-to-day overseer of JD Classic Builders.

10.      At all relevant times, Defendants were employers within the meaning of the FLSA, the NYLL, and the NYCCRR.  Additionally, Defendant JD Classic Builders qualifying annual business exceeded and exceeds $500,000, and it was engaged in interstate commerce within the meaning of the FLSA as it uses goods, equipment, and other materials in the course of its business, such as cement, tools, and ladders, much of which originates in states other than New York, the combination of which subjects JD Classic Builders to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction laborers who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

12.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

13.    At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## BACKGROUND FACTS

14.    Defendant JD Classic Builders is engaged in the construction business, and provides its services to customers in Brooklyn and Queens.

15.    Defendant Roth is the owner and day-to-day overseer of JD Classic Builders who in that capacity is responsible for determining employees' rates and methods of pay and the hours that employees are required to work.  Furthermore, Defendant Roth personally hired and fired Plaintiff and all other JD Classic Builders employees.

4

16.     Defendants employed Plaintiff to work as a construction laborer at JD Classic Builders from in or about May 2004 to February 15, 2016.  Throughout his employment, Plaintiff's duties mainly consisted of laying cement, carrying materials and tools, and keeping work areas clean.  Plaintiff primarily performed these tasks at different job sites in Queens and Brooklyn.

17.     As is relevant to this action, from October 2010 through the end of his employment on February 15, 2016, Plaintiff worked from 7:00 a.m. to 5:00 p.m., six days per week, without being permitted to take scheduled or uninterrupted breaks during his shifts, for a total of sixty hours per week.

18.     From October 2010 through the end of his employment on February 15, 2016, in exchange for his work, Defendants paid Plaintiff a fixed weekly salary of $1,100.00, which was intended to cover the first forty hours that he worked each week.  This amounts to an hourly rate of $27.50.

19.     Plaintiff worked more than forty hours in all workweeks in which Defendants employed him.  For example, during the workweek of January 3, 2016 to January 9, 2016, Plaintiff worked sixty hours and Defendants paid him $1,100.00, which covered only the first forty hours that he worked that week.

20.     Throughout his entire employment, Defendants did not pay Plaintiff at any rate of pay, let alone his overtime rate of pay, or $41.25, for any hours that he worked in excess of forty hours per week.

21.     Defendants paid Plaintiff on a weekly basis.

22.     On each occasion when they paid Plaintiff, Defendants did not provide Plaintiff with wage statements that accurately reflected the amount of hours that he worked, his regular

rates of pay, or his overtime rates of pay for each hour that he worked in excess of forty hours in a given workweek.

23.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

24.     Defendants treated all FLSA Plaintiffs in the manner described above.

25.     Every hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

26.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

28.     Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

29.     Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

30.     Defendants willfully violated the FLSA.

31.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

32.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCCRR*

33.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

35.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

36.     Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

37.     Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

39.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

41.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

42.     Defendants failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage statements on each payday, let alone those accurately containing the criteria that the NYLL requires.

43.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

44.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

45.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d.      Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.      Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.      Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: October 6, 2016
       Great Neck, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

_____
LOUIS M. LEON, ESQ (LL 2057)
ALEXANDER T. COLEMAN, ESQ (AC 8151)
MICHAEL J. BORRELLI, ESQ (MB 8533)