UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x    No. 16-CV-5584

ERNESTO RAMIREZ-MARIN, on behalf of
Himself, individually, and on behalf of all others
similarly situated,
                                                                     Date of Service: 12/6/16

                          Plaintiffs,


        -against-


JD CLASSIC BUILDERS CORP. and GEORGE ROTH,
an individual,


                          Defendants.

--------------------------------------------------------------- x

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS THE COMPLAINT

---

TILTON BELDNER LLP
Eric S. Tilton
626 Rxr Plaza
Uniondale, NY 1156
(631) 629-5291
etilton@tiltonbeldner.com


GOLDBERG AND WEINBERGER LLP
Stuart Weinberger
630 Third Avenue, 18th Floor
New York, NY 10017
Tel: (212) 867-9595 (Ext. 313)
Fax: (212) 949-1857

## TABLE OF CONTENTS

Preliminary Statement……………………………………………………………1

Statement of Facts…………………………………………………………..…………2

Argument……………………………………………………………………....…..5

POINT I:    THE COURT SHOULD DISMISS OR STRIKE ANY
ALLEGATIONS THAT THIS IS A PURPORTED
COLLECTIVE ACTION UNDER THE FLSA…………………….……5

POINT II:   THE COURT MUST STRIKE THE ALLEGATIONS IN THE
COMPLAINT ASSERTING THAT PLAINTIFF'S CLAIM
UNDER STATE LAW IS ON BEHALF OF OTHER EMPLOYEES…...10

Conclusion……………………………………………………………………14

## TABLE OF AUTHORITIES

### *Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................1, 5, 6, 7, 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................1, 5, 6, 7, 10

*Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41 (2d Cir. 2003)..........................................6

*Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003)....................................................7

*Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307 (N.D. Ga. Feb. 19, 2013)...........................7, 8

*Garcia v. Olamar Food Corp.*, No. 14 Civ. 781 (AT),
    2015 WL 273672 (S.D.N.Y. Jan. 14, 2015).................................................................13, 14

*Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012)..................................................11, 12

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.2d 192 (2d Cir. 2013)...........6

*Papasan v. Allain*, 478 U.S. 265 (1986)...................................................................................5

*Pickering v. Lorrillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[Wo],
    2011 WL 111730 (M.D. Alabama Jan. 13, 2011)...............................................................8

*Shahriar v. Smith & Wollensky Restaurant Group, Inc.*,
    659 F.3d 234 (2d Cir. 2011)..............................................................................11, 12, 13

*St. Croix v. Genentech, Inc.*, No.8:12-cv-891- T-33 EAJ,
    2012 WL 2376668 (M.D. Florida, June 2012)...................................................................7

*Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010)..................................6

*Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*,
    2012 WL 6624200 (D.N.J. Dec. 19, 2012).....................................................................8, 9

*Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007)..................................6, 7

### *Statutes*

Fed.R.Civ.P. 8......................................................................................................1, 5, 10

Fed.R.Civ.P. 12......................................................................................................1, 5, 7

Fed.R.Civ.P. 23………………………………………………………..…2, 5, 11, 13, 14

29 U.S.C. § 216………………………………………………………......1, 11, 12, 13

New York Labor Law § 195…………………………………………………...…..10

## PRELIMINARY STATEMENT

Defendants JD Classic Builders Corp. ("JD Classic") and George Roth respectfully move this Court pursuant to Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure (FRCP) to dismiss or strike the allegations in the Complaint filed by Plaintiff Ernesto Ramirez-Marin ("Plaintiff") alleging that: (1) this is a "collective" action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b); and, (2) Plaintiff's state-law claims for overtime and statutory penalties under the New York Labor Law (NYLL) are brought on behalf of "any FLSA Plaintiff who opts-in [sic] to this action" (Compl. at ¶¶ 33, 35, 36, 37, 38, 39, 41, 42, 43).

Any allegations that this is a purported collective action under the FLSA must be dismissed or stricken as violative of the pleading requirements of FRCP 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and numerous other cases decided in their wake on this very issue. Simply put, Plaintiff does not allege any information sufficient to support even an initial claim that this action should be considered a collective action. Plaintiff alleges only information about himself, specific to his situation. Instead of actually alleging anything with respect to other individuals, Plaintiff throws in the Complaint mere boilerplate allegations with respect to other individuals, without any facts of what occurred regarding these individuals. As set forth below, this is not sufficient even at the pleading stage.

The NYLL overtime and statutory penalty claims (Counts II and III of the Complaint) are brought under the law of New York State, not the FLSA or any other federal law that allows for "opt-in" plaintiffs. It is black-letter law under FLSA jurisprudence that an individual who files a written consent to join the action under section 216(b) of the FLSA is opting to join the federal claims only, not any state-law claims that the Plaintiff may have. To the extent that such

individuals also have state-law claims to assert, they may be asserted individually through an amendment to the Complaint to include such claims, or Plaintiff must bring his state-law claims as a class action under Rule 23. What the law does not allow is exactly what Plaintiff is attempting in this case; to wit, pleading to skirt the requirements of Rule 23 by claiming that the state-law claims are automatically asserted on behalf of any individual who opts to join this action under the FLSA.

<u>**STATEMENT OF FACTS**</u>

Plaintiff is a former employee of Defendant JD Classic who worked as a construction laborer from May 2004 until February 2016. (Compl. at ¶ 2.) He alleges that Defendant George Roth is the owner who had day-to-day control of the business and personally hired and fired Plaintiff and others (Compl. at ¶ 15.) Plaintiff claims that for the six years prior to the filing of the Complaint, he worked 60 hours per week but only received pay for 40 hours of work (*id.*) such that Defendant JD Classic violated the overtime requirements of the FLSA and the NYLL. Plaintiff also claims that he did not receive "proper" wage statements on each payday as required by the NYLL. (*Id.*)

Without any supporting information or allegations of fact, Plaintiff alleges merely "Defendants paid and treated all of their non-managerial employees who worked for them in the same manner." (Compl. at ¶ 3.) Interestingly, Plaintiff does not allege that Defendants employed a single person other than himself since Plaintiff is only person referenced in the Complaint. Nevertheless, based upon, essentially, this single allegation, Plaintiff claims that:

> Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff also brings his claims under the NYLL and its

2

implementing regulations on behalf of himself, individually, and on behalf of any FLSA plaintiff who opts into this action.

(Compl. at ¶ 4.) Plaintiff vaguely defines the FLSA collective as follows:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction laborers who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

(Compl. at ¶ 11.) The only information given regarding who these other employees are or how they can be considered "similarly situated" to Plaintiff is contained in a boilerplate allegation that reads as follows:

> Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as defined in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and[,] (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

(Compl. at ¶ 12.)

In reference to the "Background Facts" section, Plaintiff alleges that Defendant is in the construction business. (Compl. at ¶ 14.) Plaintiff claims that his individual duties as a construction laborer included laying cement, carrying materials and tools, and keeping a clean worksite. (Compl. at ¶ 16.) Plaintiff claims to have worked at "different job sites in Queens and Brooklyn." (Compl. at ¶ 16.) Plaintiff alleges that he worked six days per week, without break, from 7:00 a.m. to 5:00 p.m. for a total of 60 hours of work per week. (Compl. at ¶ 17.) Plaintiff alleges that he received a fixed salary of $1,100 per week "which was intended to cover the first forty hours that he worked each week." (Compl. at ¶ 18.) Plaintiff alleges that he was paid weekly (Compl. at ¶ 21), but that he did not receive a statement with each payment of wages

showing the amount of hours that he worked, his regular rate of pay, or his overtime rates of pay (Compl. at ¶ 22).[1]

Without alleging a single fact with respect to any other employee in the allegations referenced above, or throughout the rest of the Complaint, Plaintiff alleges that "Defendants treated all FLSA Plaintiffs in the manner described above." (Compl. at ¶ 24.) There are no allegations in the Complaint that Defendants even employed anyone other than Plaintiff since Plaintiff is the only one referenced in the Complaint. There are no allegations as to how many people Defendants employed, if any, in addition to Plaintiff. There are no allegations as to who supervised Plaintiff or any other purported employees. There are no allegations as to the manner or rates of pay of other employees. There are no allegations as to the purported work schedules of other employees. There are no allegations that any other purported employees worked over 40 hours per week. There are no allegations that other purported employees who worked over 40 hours per week, if any, did not receive overtime pay. Considering that Plaintiff worked at different job sites, there are no allegations as to where these purported FLSA Plaintiffs worked. If they worked at job sites other than where Plaintiff worked, there are no allegations as to how Plaintiff is aware of their schedules, rates of pay, or any other relevant information about them. There are no allegations as to when other employees were paid. There are no allegations even of what time period the Plaintiff claims that he was similarly situated with other employees.

In short, as the Complaint is bereft of any allegations regarding other employees, Plaintiff's claim that this is a purported collective action under the FLSA should be dismissed or stricken from the Complaint. To the extent the Court does not strike such allegations, it must at

---

[1] Defendant is mindful that the Court must accept all facts alleged in the Complaint as true for purposes of this motion,.

least hold that Plaintiff's state-law claims cannot be brought on behalf of other individuals as alleged in this Complaint, particularly without satisfying the requirements of FRCP 23 to maintain them as a class action.

## ARGUMENT

**POINT I:     THE COURT SHOULD DISMISS OR STRIKE ANY ALLEGATIONS THAT THIS IS A PURPORTED COLLECTIVE ACTION UNDER THE FLSA**

The Complaint is totally devoid of any allegations sufficient under FRCP 8 to put the Court or the Defendants on notice that this action should be considered a purported collective action under the FLSA. Accordingly, such allegations should be stricken and any claim that this is a collective action should be dismissed.

In *Iqbal*, the Court held that:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 677-78.

In deciding whether to grant a motion to dismiss a complaint under FRCP 12(b)(6), the Court must decide if the Complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 571. The Court must liberally interpret the claims, accept the allegations in the Complaint as true, and make all reasonable inferences on Plaintiff's

behalf. *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003). However, a complaint that contains only "labels and conclusions" or "a formulaic recitation" of the required pleading elements will not be sufficient to state a cause of action. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint with "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" does not state a cause of action. *Id.* If the allegations in the complaint do not allow a reasonable inference stronger than the "mere possibility of misconduct," the complaint must be dismissed. *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010). As is particularly appropriate to the case at bar, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 557.

In *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.2d 192 (2d Cir. 2013), in dismissing the plaintiffs' FLSA claims, which included a collective action claim, the Second Circuit held, with respect to the pleading requirements of an FLSA claim, as follows:

> To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a week. For these reasons, the District Court properly dismissed the FLSA and NYLL overtime claims.

*Id.* at 201. There is no reason that the pleading requirement with respect to purported collective action members should be any different.

In *Zhong v. August August Corp.*, 498 F.Supp.2d 625 (S.D.N.Y. 2007), in dismissing a collective action claim, the district court held that:

> To the extent that Zhong is attempting to signal an effort to initiate collective action certification by invoking the phrase "other similarly situated," Zhong has not met this standard. There is no reference made to a policy to which other employees are subject, nor to any company policy at all. In fact, Zhong neither generally nor specifically names or references any other plaintiffs. Thus, Zhong has not offered August sufficient notice of this aspect of his claim, or factual basis from which the Court can determine whether similarly situated plaintiffs do exist [Citation Omitted].

*Id.* at 628.

Thus, numerous courts have granted motions made under Rule 12(b)(6) to dismiss collective actions or to strike the collective allegations from the pleadings, where a plaintiff merely parrots the FLSA collective action statute without providing any allegations of fact sufficient to show more than the "mere possibility of misconduct." *See, e.g., St. Croix v. Genentech, Inc.*, No.8:12-cv-891- T-33 EAJ, 2012 WL 2376668 (M.D. Florida, June 2012); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003). Motions to dismiss collective actions or to strike the allegations of same have been granted even though the plaintiff's individual claims under the FLSA have not been dismissed. *See Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307 (N.D. Ga. Feb. 19, 2013).

For example, in *Dyer*, the district court dismissed an analogous collective action complaint holding as follows:

> The Plaintiff has presented "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. The Plaintiff merely asserts that she seeks a collective action with a class of employees that is "similarly situated in terms of job duties, pay, and compensation." (Compl.¶ 30.) This is a legal conclusion. "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555. The collective action portion of the Complaint presents "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of

7

the claim, but also 'grounds' on which the claim rests." *Id.* at 556 n.3.

The collective action cause of action does not give the Defendants fair notice of the Plaintiff's putative class.

2013 WL609307, at *4.

The district court in *Pickering v. Lorrillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW[Wo], 2011 WL 111730 (M.D. Alabama Jan. 13, 2011) found as follows:

> [T]here is no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint. In his response brief, Plaintiff says that the similarly situated employees also were "sales representatives." . . . This is the first time Plaintiff has identified the job title of the other employees allegedly similarly situated. A job description nonetheless remains missing, and in any event, pleading deficiencies cannot be cured in a brief. . . . Nor are there any allegations concerning the similarly situated employees' pay provisions. Plaintiff merely seeks relief on behalf of "all similarly situated employees." This phrase is a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly*'s and *Iqbal*'s pleading bar. *See Iqbal*, 129 S.Ct. at 1949 (One of the "working principles under[lying] [the] decision in *Twombly*" is "that the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citing *Twombly*, 550 U.S. at 555)).
>
> In sum, the Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. In the absence of any detail, Plaintiff has not sufficiently alleged an action on behalf of others similarly situated.

*Id.* at *2-3. Other courts also have dismissed complaints which do not include sufficient factual allegations to plead a collective action claim. In *St. Croix*, the court dismissed a collective action, holding that "St. Croix fails to set forth any facts supporting her allegations that other Genentech employees are or were similarly situated." 2012 WL 2376668, at *3. Similarly, in *Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*, 2012 WL 6624200, at *3 (D.N.J. Dec. 19, 2012), the court held that "where, as here, a plaintiff brings suit on behalf of himself and others similarly situated, his complaint should indicate who those other employees are and explain their

alleged entitlement to relief." *Id.* at *3.

Further, as the Court is likely aware, defending a collective action claim under the FLSA is terribly expensive. An employer should not be forced to spend time, effort and money defending themselves from baseless claims merely because the plaintiff asserted the language of the FLSA statute with no factual allegations to support the claim. To endorse such a standard would subject defendants to costly, lengthy and frivolous lawsuits and corresponding discovery on behalf of its employees simply by a plaintiff's inclusion of the word "collective action" in the complaint. This is clearly what the Plaintiff attempted to do in this case.

Specifically, the FLSA collective action allegations in the Complaint contain only conclusory and boilerplate statements devoid of any factual enlightenment. Plaintiff does not allege the length of time and frequency that the putative collective action plaintiffs were not paid overtime and even when this supposedly happened. In fact, Plaintiff does not even allege that any other individuals were employed by Defendants because Plaintiff is the only one referenced in the Complaint. Plaintiff alleges only, without any support or logical link, that whatever happened to him also happened to other individuals. He does not allege how he is aware of this or any other supporting facts such that it is "plausible" for the Court to assume that it is true in considering this motion.

In totality, Plaintiff fails to identify any significant facts about these other alleged workers. Other than saying that he brings claims on behalf of himself and former non-exempt employees of Defendants who elect to opt-in to this action, Plaintiff provides no further information about the putative collective action plaintiffs. Importantly, Plaintiff alleges that he worked at different job sites in Queens and Brooklyn. It is beyond peradventure that where a

company operates at multiple job sites, there are different shifts and different hours of work, different supervisors, and even different pay scales. Plaintiff's attempt to group employees together, without alleging any actual facts, is insufficient to maintain a collective action.

The allegations proffered in the Complaint constitute at best, "a formulaic recitation" of allegations, unsupported by facts. *Iqbal*, 129 S.Ct at 1949. By not alleging any actual facts about the putative collective action plaintiffs, Plaintiff has failed to plead a claim for relief that arises above the speculative level. Such boilerplate language as used in the Complaint, without factual enhancement does not pass muster under Rule 8(a)(2) of Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 ("Rule 8(a)(2) requires a showing, rather than a blanket assertion of entitlement to relief.")

In sum, the Complaint contains conclusory allegations in regard to Plaintiff's assertion that this action should be considered a collective action, which lack the factual content sufficient to state a claim. There are no exemptions from the pleading requirements with respect to a collective action under the FLSA. Accordingly, the collective action portion of the Complaint must be dismissed and the allegations regarding same stricken.

**POINT II:   THE COURT MUST STRIKE THE ALLEGATIONS IN THE COMPLAINT ASSERTING THAT PLAINTIFF'S CLAIM UNDER STATE LAW IS ON BEHALF OF OTHER EMPLOYEES**

The second and third claims for relief in the Complaint allege causes of action on behalf of the Plaintiff and the putative collective action plaintiffs under New York law for unpaid overtime and statutory damages for the alleged failure to provide a wage statement with each payment of wages as required by NYLL § 195(3). To the extent these claims assert that Plaintiff is bringing them in a representative capacity on behalf of any FLSA collective action plaintiffs,

they must be dismissed and those allegations stricken, as they represent a fundamental misunderstanding on Plaintiff's part as to the interaction between the FLSA, New York Law, and Rule 23 of the Federal Rules of Civil Procedure.

A reading of the FLSA collective action statute, 29 U.S.C. § 216, clearly shows that an opt-in plaintiff has only opted to join the claims under federal law, not the NYLL, as a result of her filing a written consent to join the action. Section 216 states, in relevant part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for an in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). As held by the Third Circuit Court of Appeals:

> The provision specifically applies only to actions for violations of "the provisions of section 206 or section 207 of this title" for "unpaid minimum wages" or "unpaid overtime compensation," as well as for claims for injunctive relief for retaliation in violation of § 215(a)(3). 29 U.S.C. § 216(b). Moreover, while the law requires each plaintiff to opt in to a suit in writing, by its plain terms this requirement extends only to "any such action"--namely, suits brought under § 216(b). Neither § 216(b) nor any other FLSA provision addresses causes of action for relief under state employment law.

*Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012).

Indeed, the Second Circuit has distinguished the difference between FLSA claims brought as a collective action under § 216(b) and separate, related claims under New York State law. *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234 (2d Cir. 2011). As the Second Circuit clearly explained, under the FLSA, a plaintiff may bring a "collective action"

11

with respect to his FLSA claims. *Id.* at 243. "Collective actions under the FLSA are actions that allow employees to sue on behalf of themselves and other employees who are 'similarly situated.'" *Id.* at 243-44 (citing 29 U.S.C. § 216(b)). The collective action statute requires that an employee affirmatively consent to join a "collective action" in order to assert a claim by filing a written consent to do so with the court. *Id.* at 244 (citing 29 U.S.C. § 216(b)).

"The NYLL, on the other hand, does not have a provision for collective actions. Instead, plaintiffs may pursue a traditional "opt-out" class action through class certification of their state law claims." *Id.* at 244. "Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue FLSA claims as a collective action and under Rule 23 to pursue the NYLL claims as a class action under the district court's supplemental jurisdiction." *Id.* In this case, however, Plaintiff did not bring a Rule 23 class action--he instead attempted to plead around the requirements of Rule 23 by asserting that Plaintiff represents any individuals to opt to join him in his federal claims. Such creative pleading cannot be accepted by this Court.

As it pertains to state law claims for alleged violations of the NYLL, Defendants do not challenge the District Court's exercise of supplemental jurisdiction over those claims in the proper context, but as the Third Circuit made clear in *Knepper*, the effect of an employee filing a written consent to join this action under 29 U.S.C. § 216(b) is that she is only opting to join the federal claims for alleged violations of the FLSA. By filing a written consent to join this action, a plaintiff does not automatically assert any claims for violations of state law unless she takes affirmative steps to do so, such as by amending the complaint to assert those claims or following

the procedural requirements of Rule 23 to establish a class. The Plaintiff, however, cannot simply assert in his Complaint that he is representing any individuals who opt to join the federal claims, which is what he has attempted to do here. Indeed, the Complaint does not even contain any allegations that the state law claims are brought as a class action under FRCP 23.

Defendants' position is not that such individuals are prohibited from having their state-law claims heard; it is simply that if Plaintiff seeks to bring state-law claims in a representative capacity on behalf of other employees, then he must comply with the pleading requirements relative to the pleading of his individual claims under Rule 8 and a class action under Rule 23 of the Federal Rules of Civil Procedure. As the Second Circuit has held, the NYLL "does not have a provision for collective actions; [i]nstead, plaintiffs may pursue a traditional 'opt-out' class action through class certification for their state law claims." *Shahriar*, 659 F.3d at 244. Similarly, because the Plaintiff has not pleaded a Rule 23 class action, if any individual who opts to join the action has state-law claims that he or she wishes to allege, then he or she may file an amended complaint to assert those claims. What an individual cannot do is opt-in under the FLSA and claim that she, too, has state-law claims without pleading her individual state-law claims for herself. This is not the law.

In *Garcia v. Olamar Food Corp.*, No. 14 Civ. 781 (AT), 2015 WL 273672, at *2 (S.D.N.Y. Jan. 14, 2015), United States District Judge Analisa Torres held as follows:

> the state law claims of other potential plaintiffs may not be asserted at this juncture. The FLSA authorizes a plaintiff to file suit on behalf of "other employees similarly situated" to "recover the liability prescribed in [the FLSA]," not state law. 29 U.S.C. § 216(b). Should "similarly situated" individuals later opt-in to the FLSA collective action, Plaintiff may seek leave to amend the complaint to include the related state law claims of those opt-in plaintiffs.

*Id.* at *2. Accordingly, until such time as Plaintiff brings such state-law claims as a class action pursuant to FRCP 23, or any opt-in plaintiff seeks leave to amend the complaint to affirmatively plead her own individual claims under NYLL, such claims do not exist in this case and the allegations in Counts II and III of the Complaint claiming that Plaintiff is bringing said claims in a representative capacity must be dismissed.

## CONCLUSION

For all the foregoing reasons, the claim for a collective action and claims for individuals other than the plaintiff under New York State law must be dismissed or, in the alternative, stricken from the Complaint.

Dated: Uniondale, New York
      December 6, 2016

                                      TILTON BELDNER LLP

By:

                                        Eric S. Tilton
                                        626 Rxr Plaza
                                        Uniondale, New York 11556
                                        Tel:    (631) 629-5291
                                        Fax:   (516) 324-3170
                                        etilton@tiltonbeldner.com

                                        GOLDBERG AND WEINBERGER LLP
                                        Stuart Weinberger
                                        630 Third Avenue, 18th Floor
                                        New York, NY 10017
                                        Tel: (212) 867-9595 (Ext. 313)
                                        Fax: (212) 949-1857

14