UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 16-CV-05584 (DLI) (RER)

———————————

ERNESTO RAMIREZ-MARIN, ON BEHALF OF HIMSELF, INDIVIDUALLY,
AND ON BEHALF OF OTHERS SIMILARLY-SITUATED

Plaintiffs,

VERSUS

JD CLASSIC BUILDERS CORP. AND GEORGE ROTH,

Defendants.
———————————

**REPORT & RECOMMENDATION**

June 5, 2017
———————————

**TO THE HONORABLE DORA LIZETTE IRIZARRY,
CHIEF UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Ernesto Ramirez-Marin ("Plaintiff") has commenced this action on behalf of himself, individually, and on behalf of all others similarly-situated (collectively, "FLSA Plaintiffs") against Defendants JD Classic Builders Corp. ("JD Classic Builders") and George Roth ("Roth") (collectively, "Defendants"). (Dkt. No. 1, Complaint, ("Compl.")). Plaintiff alleges that Defendants: (1) failed to pay him and FLSA Plaintiffs overtime wages as required under the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a), (2) failed to pay him and the FLSA Plaintiffs overtime wages as required under the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2, and (3) failed to provide him and the FLSA Plaintiffs with proper wage statements on each payday as required under NYLL § 195(3). (Compl. ¶ 1). Defendants did not file an answer to the Complaint. Instead, on December 6, 2016, Defendants filed a Motion to Partially Dismiss the Complaint insofar as it alleges: (1) the action is a "collective action" under the FLSA, 29 U.S.C. § 216(b), and (2) Plaintiff's claims for overtime and statutory penalties under the NYLL are brought on behalf of any FLSA Plaintiffs who opt-in to this action. (Dkt. No. 15; Dkt. No. 17, ("Def. Mem.") at 1).

1

Your Honor has referred Defendants' Motion to me for a report and recommendation. (*See* Docket Entry Dated 4/12/2017). For the reasons stated herein, I respectfully recommend that Defendants' Motion be DENIED.

**BACKGROUND**

JD Classic Builders is a construction business that provides services to customers in Brooklyn and Queens. (Compl. ¶ 14). Roth owns JD Classic Builders and oversees its day-to-day operations, including setting employees' wage rates, methods of pay, and work hours. (*Id.* ¶ 15). In addition, Roth has personally hired and fired Plaintiff and all the other JD Classic Builders employees (*Id.*).

From around May 2004 to February 15, 2016, Plaintiff worked as a construction laborer for JD Classic Builders. (*Id.* ¶ 16). During this time, Plaintiff's primary duties consisted of laying cement, carrying materials and tools, and keeping work areas clean. (*Id.*). Plaintiff primarily performed these tasks at sites in Queens and Brooklyn. (*Id.*). From around October 2010 through the end of his employment on February 15, 2016, Plaintiff worked from 7:00 a.m. to 5:00 p.m., six days per week, without being allowed to take breaks for a total of sixty hours per week. (*Id.* ¶ 17). During this time, Defendants paid Plaintiff a fixed weekly salary of $1,100.00, intended to cover the first forty hours that Plaintiff worked. (*Id.* ¶ 18).

Plaintiff worked more than forty hours in all workweeks in which Defendants employed him. (*Id.* ¶ 19). Plaintiff claims that throughout his employment, Defendants did not pay Plaintiff at any rate of pay, let alone at his overtime rate of pay for hours that he worked *in excess* of forty hours per week. (*Id.* ¶ 20). Further, on each occasion when Plaintiff received his pay, Defendants did not provide Plaintiff with wage statements that reflected the amount of hours that he worked or his rates of pay. (*Id.* ¶ 22).

Plaintiff brings these allegations on behalf of himself and a collective defined as "current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial construction laborers who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week." (*Id.* ¶ 11). Plaintiff alleges that Defendants treated all FLSA Plaintiffs in the manner described above. (*Id.* ¶ 24).

The FLSA requires employers to pay their employees overtime wages—calculated at a rate of "one and one-half times the regular rate"—for each hour worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). To enable employees to enforce their rights, FLSA § 216(b) creates a private right of action and provides that employees may pursue their claims collectively:

> An action … may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "The collective action procedure was designed to promote the 'efficient adjudication of similar claims,' so that 'similarly situated' employees may pool resources to prosecute their claims."

2

*Hamadou v. Hess Corp.,* 915 F.Supp.2d 651, 660 (2013) (citing *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007)).

The NYLL was enacted to remedy the practice of persons working "at wages insufficient to provide adequate maintenance for themselves and their families," and it too requires employers to pay their employees overtime wages at a rate not less than one-half times their regular rates of pay for any hours worked exceeding forty in a workweek. NYLL § 650; NYCCRR § 142-2.2; *Shahriar v. Smith & Wollensky Rest. Grp., Inc.,* 659 F.3d 234, 243 (2d Cir. 2011). But unlike the FLSA, which only authorizes opt-in collective actions, NYLL class allegations are governed by Fed. R. Civ. P. 23.[1] Fed. R. Civ. P. 23; *Wang v. Hearst Corp.,* No. 12-CV-793 (HB), 2012 WL 2864524, at *3 (S.D.N.Y. July 12, 2012). The NYLL also requires employers to regularly provide employees with proper wage statements on each payday. NYLL § 195(3).

Under the FLSA, Plaintiff seeks: designation of this action as a collective action, overtime pay for all weekly hours worked exceeding forty, liquidated damages, and attorney's fees. (Compl. ¶¶ 31-32). Under state law, Plaintiff and any FLSA opt-in Plaintiffs seek: overtime pay for weekly hours worked exceeding forty, liquidated damages, interest, attorney's fees, and statutory damages for Defendants' failure to furnish wage statements. (*Id.* ¶¶ 43-44).

## DISCUSSION

### I. Standard of Review

When deciding a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When evaluating such allegations, a court is required to draw "all reasonable inferences in favor of the plaintiff." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 730 (2d Cir. 2013) (citation omitted). In addition, a Rule 12(b)(6) motion must be read in conjunction with Rule 8(a), which sets forth the requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, a claimant must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. "A claim has facial plausibility when the

---

[1] Rule 23(a) provides:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a)(1)–(4).

3

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing, *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim to relief survives a motion to dismiss." *Id.* at 679. Determining "whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.  FLSA Collective Action Claim

Defendants move to dismiss the FLSA collective action claim, arguing that "[t]he Complaint is totally devoid of any allegations sufficient under Rule 8 to put the Court or the Defendants on notice that this action should be considered a purported collective action under the FLSA." (Def. Mem. at 5).[2]

The Court disagrees. While both the FLSA and the NYLL require "more than vague legal conclusions to survive a 12(b)(6) motion," *James v. Countrywide Fin. Corp.*, 849 F.Supp.2d 296, 321 (E.D.N.Y. 2012), to state a claim under the FLSA, a plaintiff must simply allege that: "(1) he was an employee who was eligible for overtime ([*i.e.,*] not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated." *DeSilva v. North Shore–Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 507 (E.D.N.Y. 2011) (quoting *Hosking v. New World Mortg., Inc.*, 602 F.Supp.2d 441, 447 (E.D.N.Y. 2009) (alteration in original); *Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). Further, "[t]o state a[] FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." *Peck v. Hillside Children's Ctr.*, 915 F.Supp.2d 435, 438 (W.D.N.Y. Jan. 10, 2013) (citing *Smith v. Pizza Hut, Inc.*, No. 09–cv–01632, 2011 WL 2791331, at *5 (D.Colo. July 14, 2011)).

At the notice stage, a plaintiff can meet this burden by presenting "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (citations omitted); *Shajan v. Barolo, Ltd.,* No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Nothing more is needed at this stage of the litigation."); *Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y. 1997) ("courts have held that plaintiffs can meet this burden by making a modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.") (quoting *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). This showing need only be "based on plaintiffs' pleading and affidavits" and, should the court find such a showing to be sufficient, the court will authorize plaintiffs to give notice to other potential plaintiffs and will conditionally certify the lawsuit as a collective action through discovery. *Lynch*, 491 F. Supp. 2d at 368

---

[2] Specifically, Defendants' argue that Plaintiff's complaint is deficient because there are no allegations regarding: whether "Defendants employed anyone other than Plaintiff," "how many people Defendants employed, if any, in addition to Plaintiff," "who supervised Plaintiff or any other purported employees," "the manner or rates of pay of other employees," whether "other purported employees worked over 40 hours per week [and] did not receive overtime pay," "where these purported FLSA Plaintiffs worked," "how Plaintiff is aware of their schedules, rates of pay, or any other relevant information about them," "when other employees were paid," and "what time period the Plaintiff claims that he was similarly situated with other employees." (Def. Mem. at 4).

4

(citing *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y.2007)).

District courts in this Circuit have routinely permitted similarly general pleadings to survive motions to dismiss. For example, in *Agerbrink v. Model Serv. LLC*, No. 14-CV-7841 (JPO), 2015 WL 3750674, at *7 (S.D.N.Y. June 16, 2015), the Court found that Plaintiff's wage and hour claims were sufficiently plausible where Plaintiff merely stated that there were other employees similarly situated to Plaintiff who were subject to the employer's general policy of "failing to pay fit models minimum wages, failing to pay fit models overtime wages… and/or making illegal deductions to fit models' wages." In *Garcia v. Olamar Food Corp.*, No. 14 CIV. 781 (AT), 2015 WL 273672, at *2 (S.D.N.Y. Jan. 14, 2015), the Court found that Plaintiff's allegations were sufficient to proceed to discovery, where Plaintiff alleged that current and former employees were, like Plaintiff, denied overtime pay pursuant to Defendants' "common policy and practices" of: paying employees a "set weekly rate" regardless of the number of hours worked, "failing to keep accurate records of hours worked by employees," and "minimizing labor costs [by] denying employees compensation." Similarly in *Kattu v, Metro Petroleum, Inc.,* 12 Civ. 54 (RJA), 2013 WL 4015342, at *3 (W.D.N.Y. Aug. 6, 2013), the Court found that the plaintiffs stated an FLSA collective action claim where they "alleged generally that there are other persons similarly situated to plaintiffs, who were also employed by defendant … in similar positions, who worked overtime, but were not paid overtime wages." *See also Peck*, 915 F.Supp.2d at 438 (finding that plaintiffs made a FLSA collective action claim by alleging that they and other putative class members were required to work extra hours in certain situations and were neither paid nor allowed to report overtime hours worked); *Shajan*, 2010 WL 2218095, at *1 (concluding that the plaintiff adequately alleged that there was a class of "similarly situated" service employees despite not naming specific employees or describing what their specific job duties were).[3]

In the instant case, I find that plaintiff's allegations constitute "more than labels and conclusions" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. First, in stating that "Roth personally hired and fired Plaintiff and *all other JD Classic Builders employees*," Plaintiff adequately alleges that there were employees besides himself who worked at JD Classic Builders. (Compl. ¶ 15) (emphasis added). Second, in asserting that the class constitutes "current and former employees who, *during the applicable FLSA limitations period*, performed any work for Defendants *as non-managerial construction laborers…*," Plaintiff defines the group of workers he is referring to as well as the time period during which wages were improperly withheld. (*Id.* ¶ 11) (emphasis added). Third, Plaintiff affirmatively alleges that "all FLSA Plaintiffs: (1) performed similar tasks [to his own]; (2) were subject to the same laws and regulations;   (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek." (*Id.* ¶ 12). This statement, too, provides Defendants with basic notice as to what common plan or policy allegedly violated the putative class's rights.

---

[3] Plaintiff correctly notes that Defendants' reliance on *Nakahata v. New York-Presbyterian Healthcare System Inc.*, 723 F.3d 192 (2d Cir. 2013), and *Zhong*, 498 F.Supp.2d 625, is misplaced because in those cases, it was unclear whether the plaintiff had even pled enough facts to support his own cause of action.

5

Under the lenient standard that is employed at this initial stage, such claims establish that other employees "may be 'similarly situated'" to Plaintiff. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Accordingly, I respectfully recommend that Defendants' Motion to partially dismiss the collective action allegations be DENIED.

### III. State Law Claims

Defendants argue that even if the Court permits the FLSA Collective Action claims to go forward, the Court must strike the allegations in the Complaint asserting that Plaintiff's claim under state law is on behalf of other employees. (Def. Mem. at 10). They further argue that because of the differences between the FLSA's opt-in procedure and the procedure for asserting class allegations under the NYLL, Plaintiff must first plead his individual claims in accordance with Rule 8 and then separately pursue a class action under Rule 23. (*Id.* at 13) ("What an individual cannot do is opt-in under the FLSA and claim that she, too, has state-law claims without pleading her individual state-law claims for herself.").

The Court finds Defendants' position without merit. First, Defendants' Motion to Strike Class Allegations under the NYLL is premature. While it is true that New York Labor Law class allegations are governed by Rule 23, motions to strike class allegations are generally disfavored because they "require[ ] a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Wang*, 2012 WL 2864524, at *3 (citing *Chenensky v. N.Y. Life Ins. Co.*, No. 07 CIV. 11504 WHP, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (listing cases). "Motions to strike are also usually denied where they raise arguments that would be considered on a motion for class certification." *Id.* (citing *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-cv-6950 (LBS) (JCF), 2012 WL 205875, at *4 (S.D.N.Y. Jan. 19, 2012). Put simply, courts are reluctant to deny plaintiffs their entitlement to discovery by striking potential class allegations in the initial stages of litigation. *Id.*; *Cruz v. Hook–Superx, LLC*, No. 09-CV-7717 (PAC), 2010 WL 3069558, at *4 (S.D.N.Y. Aug. 5, 2010) ("At this early stage of the proceedings, before any discovery has been taken and prior to Plaintiffs' making a Rule 23 motion, the Court finds that there is no basis for granting Defendants' motion to deny class certification.").

Second, Defendants' heavy reliance on *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2011) is misplaced. Notably, Third Circuit precedent is not binding on this Court. But more importantly, *Knepper* cuts against Defendants position. The portion of the opinion that Defendants quote merely shows that there is no plain language in the FLSA to suggest an *inherent incompatibility* between FLSA opt-in actions and state law opt-out actions. (*See id.*; Def. Mem. at 11). Further, in *Knepper*, the Third Circuit ultimately joined the Second, Seventh, Ninth, and D.C. Circuits, holding that federal courts adjudicating FLSA collective actions *may* exercise supplemental jurisdiction over parallel state law wage and hour class claims.

6

*Knepper,* 675 F.3d at 261-62 [4]; *Sheikh v. Align Commc'ns, Inc.*, No. 15-cv-7549 (LGS), 2017 WL 192956, at *3 (S.D.N.Y. Jan. 18, 2017) ("While some New Jersey district courts previously had found that FLSA's opt-in requirement was incompatible with concurrent jurisdiction over a Rule 23(b)(3) opt-out … class, the Third Circuit subsequently held that concurrent jurisdiction is acceptable.").[5]

Third, Defendants ignore the overwhelming number of district court cases from within this Circuit that have allowed parallel FLSA and NYLL claims to survive beyond the pleading stage. *See Shahriar,* 659 F.3d at 244 (rejecting argument that Congress's intent in requiring employees to affirmatively opt-in to FLSA collective actions is undermined when employees bring a lawsuit alleging both a FLSA collective action and a Rule 23 action simultaneously); *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 339 (W.D.N.Y. 2014) (finding that courts may conditionally certify supplemental state class claims to proceed as part of a collective action pursuant to the FLSA because "supplemental claims by definition treated as part of the same controversy animated by a particular employee's FLSA claim.") (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 580 (6th Cir. 2009)); *Wang*, 2012 WL 2864524, at *3 (finding it premature to preemptively terminate NYLL class allegations from complaint filed under FLSA before parties engaged in discovery); *D'Arpa v. Runway Towing Corp.*, No. 12-CV-1120 (JG) (RER), 2013 WL 3010810, at *16 (E.D.N.Y. June 18, 2013) (describing how at the initial stage of litigation, all a plaintiff needs to do is provide notice of both the FLSA collective action and NYLL class claims); *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04-cv-22 (SLT) (AKT), 2008 WL 941643 (E.D.N.Y. Mar. 31, 2008); *Ouedraogo v. Durso Assocs., Inc.*, No. 03 CV 1851 (RLC), 2005 WL 1423308, at *1–2 (S.D.N.Y. June 16, 2005); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 91 (S.D.N.Y. 2001); *Iglesias-Mendoza,* 239 F.R.D. at 370, 374-75.

Fourth, even if Defendants' Motion is not deemed premature, a district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or

---

[4] In sum, we disagree with the conclusion that jurisdiction over an opt-out class action based on state-law claims that parallel the FLSA is inherently incompatible with the FLSA's opt-in procedure. Nothing in the plain text of § 216(b) addresses the procedure for state-law claims, nor, in our view, does the provision's legislative history establish a clear congressional intent to bar opt-out actions based on state law. We join the Second, Seventh, Ninth, and D.C. Circuits in ruling that this purported "inherent incompatibility" does not defeat otherwise available federal jurisdiction.

[5] While Defendant is correct in noting that *Knepper* did not ultimately address the issue of whether an opt-in plaintiff for an FLSA claim *automatically* joins the class for the parallel state law claim, if anything, *Knepper* suggested that when the state law statute is analogous to the federal statute, supplemental jurisdiction is more likely warranted than not.

7

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "District courts traditionally have exercised this discretion in favor of supplemental jurisdiction where, as here, 'considerations of judicial economy, convenience and fairness to litigants' weigh in favor of hearing the state law claims at the same time as the federal law claims.'" *Ansoumana*, 201 F.R.D. at 90 ("A district court's Article III jurisdiction over cases and controversies arising under the laws or constitution of the United States has traditionally embraced related state issues and claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966)). In the Second Circuit, a "federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." *Iglesias-Mendoza*, 239 F.R.D. at 374 (quoting *Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)).

In the present case, the federal and state law claims derive from a common nucleus of operative fact and warrant the exercise of supplemental jurisdiction. The federal and state wage and hour claims are essentially the same and arise out of the same alleged conduct of the Defendants. *See Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 354 (S.D.N.Y. 1999) ("The members of both classes performed the same type of work for the same…employers and were deprived of overtime compensation purportedly as the result of the same alleged scheme."). There is no reason why Plaintiff's state law claims should be stricken at this early stage, particularly when it is ultimately appropriate and efficient for the collective action and class action to be litigated in a single lawsuit.

Accordingly, I recommend that Defendants' Motion to strike class claims be DENIED.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Court DENY Defendants' Motion to Partially Dismiss the Complaint. Any objections to the recommendations made in this report must be filed with the Clerk of the Court and the Honorable Dora Lizette Irizarry within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 5, 2017
          Brooklyn, NY