```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ERNESTO RAMIREZ-MARIN, on behalf of              :
himself, individually, and on behalf of all others :
similarly-situated,                              :
                                                 :
                          Plaintiff,             :
                                                 :        MEMORDANUM AND ORDER
            -against-                            :        ADOPTING REPORT AND
                                                 :           RECOMMENDATION
JD CLASSIC BUILDERS CORP. and                    :          16-CV-5584 (DLI)(RER)
GEORGE ROTH,                                     :
                                                 :
                          Defendants.            :
                                                 :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Ernesto Ramirez-Marin ("Plaintiff") brought this action on behalf of himself, individually, and on behalf of all others similarly-situated (collectively, the "FLSA Plaintiffs") against JD Classic Builders Corp. and George Roth ("Defendants"). *See generally* Compl. ("Complaint"), Dkt. Entry No. 1. Plaintiff asserts three claims: that Defendants: (1) violated the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a), by failing to pay him and the FLSA Plaintiffs overtime wages; (2) violated the New York Labor Law ("NYLL") § 160 and New York Comp. Codes Rules & Regs. ("NYCCRR") tit. 12, § 142-2.2 by failing to pay him and the FLSA Plaintiffs overtime wages; and (3) violated NYLL § 195(3) by failing to provide him and the FLSA Plaintiffs with proper wage statements at each payday. *Id.* Defendants moved to partially dismiss the Complaint on December 6, 2016. *See* Defs.' Mot. to Dismiss, Dkt. Entry No. 15; Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem."), Dkt. Entry No. 17. Plaintiff opposed the motion. *See* Pl.'s Mem. of Law in Opp'n to Mot. to Dismiss ("Pl.'s Mem."), Dkt. Entry No. 22.

On April 12, 2017, the Court referred Defendants' motion to partially dismiss the Complaint to the Honorable Ramon E. Reyes, Jr., U.S. Magistrate Judge, for a Report and Recommendation ("R&R"). Magistrate Judge Reyes issued his thorough and well-reasoned R & R on June 5, 2017. *See generally* R & R, Dkt. Entry No. 27. The magistrate judge recommended that Defendants' motion to dismiss the collective action claims be denied. R & R at 4-6. Defendants did not object to that portion of the R & R. *See* Defs.' Objections to R & R ("Defs.' Objs."), Dkt. Entry No. 28-1, at 5 n.3. However, Defendants timely objected to the portion of the R & R that recommended Defendants' motion to dismiss the state law claim be denied. *See* R & R at 6-8; Defs.' Objs. at 5-10. Plaintiff opposed Defendants' objections. *See* Pl.'s Mem. of Law in Opp'n to Defs.' Partial Objection to the R & R ("Pl.'s Resp."), Dkt. Entry No. 32.

For the reasons set forth below, Defendants' objections are overruled, and the R & R is adopted in its entirety.

## **DISCUSSION**[1]

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal

---

[1] The Court assumes the parties' familiarity with the facts as set out in the R & R. *See* R & R at 1-3.

citations and quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Where a party does not object to a portion of the R & R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

A.   **Plaintiff's Collective Action Claims**

As noted above, Defendants do not object to the magistrate judge's recommendation that the motion to dismiss the collective action claims be denied. *See* Defs.' Objs. at 5 n.3. Upon due consideration and review, and finding no clear error, that portion of the R & R is adopted in its entirety.

B.   **Plaintiff's NYLL Claim**

Defendants' principle objection is that the magistrate judge made a "fundamental mistake" in holding that Plaintiff can assert state law claims on behalf of plaintiffs who opt-in to the FLSA collective action. Defs.' Objs. at 5-8. According to Defendants, Plaintiff has engaged in "creative pleading" "to bypass [Federal Rule of Civil Procedure ("FRCP")] 23" and has attempted to

"obfuscate the important differences between a collective action under the FLSA and class actions under the NYLL." *Id.* at 8.  Defendants argue that Plaintiff must amend his Complaint under FRCP 15 if a "party who opts-in wishes to become a party to the state law claims in this case . . . ." *See Id.* at 8-9.  Defendants further argue that Plaintiff's state law claim should be dismissed or stricken for failure to meet the requirements of FRCP 23.  *Id.* at 8.  For the reasons set forth below, Defendants' objections are overruled and the R & R is adopted in its entirety.

As an initial matter, the Court disagrees with Defendants' contention that it must conduct a *de novo* review of Defendants' motion to partially dismiss the Complaint with respect to the portions of the R & R to which they object.  *See* Defs.' Objs. at 5.  As Plaintiff points out, Defendants largely restated their arguments from their original motion papers before the magistrate judge.  *See generally* Defs.' Mem.  Defendants are not entitled to two bites at the apple.  *See Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at *2 (E.D.N.Y. Sept. 26, 2016) (quoting *Pinkey v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party can be allowed a second bite at the apple by simply relitigating a prior argument.")).  However, even under the stricter *de novo* review, Defendants' arguments fail.

   **1.**  **Plaintiff May Assert Claims on Behalf of the FLSA Opt-In Plaintiffs**

Plaintiff asserts his second and third claim for relief under §§ 160 and 195(3) of the NYLL on behalf of "Plaintiff and any FLSA Plaintiff who opts-in to this action."  Compl. at ¶¶ 33-44.  Defendants argue that the statutory language of FLSA § 216(b) along with *Knepper v. Rite Aid Corp*, 675 F.3d 249 (3d Cir. 2009) and *Garcia v. Olamar Food Corp.*, 2015 WL 273672 (E.D.N.Y. Jan. 14, 2005) do not grant a "party who opts-in [to a FLSA collection action] the right to become

4

a party to state law claims." Defs.' Objs. at 5-7.  In sum, Defendants argue that the FLSA Plaintiffs who "opt-in" to the action are parties only to the FLSA collective action claim.

FLSA § 216(b) permits collective actions by employees for violations of FLSA provisions and states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  Defendants argue that this language only states how a party becomes part of a collective action under the FLSA, and does not state how a party becomes a party to state law claims.  Defs.' Objs. at 6.

Defendants are correct in that § 216(b) does not address state law claims.  Courts analyzing § 216(b) have concluded that it does not govern the resolution of state law claims, and state law claims may coexist with FLSA collective action claims.  *See* R & R at 7 (noting the "overwhelming number of district court cases from within this Circuit that have allowed parallel FLSA and NYLL claims to survive beyond the pleading stage").  In *Shahriar*, the Second Circuit reviewed the legislative history of § 216(b) and concluded that "[the Court does] not view Congress's creation of the opt-in provision for FLSA collective actions as a choice against, or a rejection of Rule 23's opt-out process for state law class actions." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011) (citing *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) ("There is ample evidence that a combined action is consistent with the regime Congress has established in the FLSA.")).  In *Knepper*, the Third Circuit joined the Second, Seventh, Ninth, and D.C. Circuits in holding that "[n]othing in the plain text of § 216(b) addresses the procedure for state-law claims, nor, in our view, does the provision's legislative history establish a clear congressional intent to bar opt-out actions based on state law." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 261-62 (3d Cir. 2012) ("We join the Second, Seventh, Ninth, and D.C. Circuits in ruling

5

that this purported 'inherent incompatibility' does not defeat otherwise available federal jurisdiction."). In so holding, these courts addressed the issue of whether federal courts should exercise supplemental jurisdiction over parallel state law claims. Supplemental jurisdiction, though clearly appropriate here under *Shahriar*, which is binding on this Court, is a separate question from whether an opt-in plaintiff is automatically a party to a parallel state law claim. The magistrate judge correctly concluded that jurisdiction over the NYLL claim is appropriate. *See* R & R at 7.

The R &R does not explicitly address whether opt-in plaintiffs are parties to Plaintiff's NYLL claim. Therefore, the Court reviews *de novo* that portion of Defendants' objections contending that opt-in Plaintiffs are not parties to the state law claim. Defendants argue that *Knepper* and *Shahriar* support their position that opt-in plaintiffs cannot be parties to the NYLL claim. Defs.' Objs. at 7-9. However, neither *Knepper* or *Shahriar* reached that issue, since, as discussed above, the issue before those courts was whether supplemental jurisdiction was appropriate.

In opposing Defendants' objections, Plaintiff relies on *Gonzalez v. Nicholas Zito Racing Stable Inc.* 2008 WL 941643 (E.D.N.Y. Mar. 31, 2008) (citing *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) (*per curiam*)). *See* Pl.'s Resp. at 3, 9. In *Gonzalez*, plaintiffs alleged violations of the NYLL and moved to certify a class pursuant to FRCP 23. *Id.* at *1. The *Gonzalez* plaintiffs also sought to amend their complaint to add a claim under the New York Code of Rules and Regulations ("NYCRR"). *Id.* In determining that an amendment was proper, the court noted that an FLSA collective action class already had been certified in the action, and, thus, the opt-in plaintiffs had "status as parties to the instant action." *Id.* at *3 (citing *Prickett*, 349 F.3d at 1297 ("[B]y referring to them as 'party plaintiff[s]' [in 29 U.S.C. § 216(b)] Congress indicated

6

that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."); *Coan v. Nightingale Home Healthcare, Inc.*, 2006 WL 1994772, at *2 (S.D.IN. July 14, 2006) ("Under the opt-in procedures of 29 U.S.C. § 216(b), all . . . plaintiffs . . . are full parties for all purposes.")). Since the opt-in plaintiffs in *Gonzalez* were parties to the entire action, not just the FLSA claims, the court held that they had standing to amend the complaint to add the NYCRR claim. *Id.* In *Prickett*, the principal case relied on by the *Gonzalez* court, the Eleventh Circuit held that the express language regarding "*party plaintiff[s]* to any such *action*" meant that opt-in plaintiffs should have the "same status" in relation to the claims of the entire "lawsuit" as the named defendants." *Prickett*, 349 F.3d at 1297 (emphasis added).

Plaintiff also points to *Fengler v. Crouse Health System, Inc.*, 634 F. Supp.2d 257, 263 (N.D.N.Y. 2009), which, citing *Prickett*, held that opt-in plaintiffs were parties to "all claims asserted in the action." In *Fengler*, the court held that it was error for the magistrate judge to conclude that an FLSA plaintiff opted in only as to a claim rather than the entire action since such a conclusion was "'not supported by the language of the statute, nor . . . by any holding of this circuit or any other federal appeals court.'" *Id.* (quoting *Prickett*, 349 F.3d at 1297).

While the *Gonzalez* plaintiffs brought both FLSA and NYLL claims, *Prickett*, *Coan*, and *Fengler* only dealt with FLSA claims. Additionally, unlike *Gonzalez*, the present case has not yet been certified as a collective action. However, the reasoning in these cases still is applicable here. The language of § 216(b) discusses opt-in plaintiffs as being "party plaintiff[s] to any such action," 29 U.S.C. § 216(b). The plain reading of this text indicates that opt-in plaintiffs become parties to the entire lawsuit and all its claims. The Court sees no basis to hold that opt-in plaintiffs are plaintiffs only to the FLSA claims and not the entire action. *Fengler*, 634 F. Supp.2d at 262 ("This

statutory language [in FLSA § 216(b)] indicates that once a potential plaintiff opts in, that person is a party to the *action*, not just to a *claim*." (emphasis original) (citing *Prickett*, 349 F.3d at 1297)).

Moreover, the opt-in Plaintiffs' Consent to Join Forms, by their plain language, remove any doubt that the opt-in Plaintiffs wish both to (1) join the entire action, and (2) have their state law claims adjudicated in the FLSA action. The forms state: "I hereby consent to join the lawsuit . . . brought pursuant to the Fair Labor Standards Act, the New York Labor Law, and the New York Code of Rules and Regulations" and indicate that the claims are brought based on "state and federal law." Pl.'s Resp. at 9 (citing Dkt. Entry Nos. 2, 3, 9). Such a broad consent by an opt-in plaintiff in a FLSA action has been held to "encompass the state law claims" brought parallel to the FLSA claims. *See Hicks v. T.L. Cannon Corp.*, 35 F. Supp.3d 329, 339 (W.D.N.Y. 2014). Defendants' objections in this regard are overruled.

    **2.**    **Plaintiff Need Not Satisfy Rule 23 at This Juncture**

Defendants also take great issue with the fact that Plaintiff has not satisfied the requirements of Rule 23. *See* Defs.' Objs. at 8-9 (arguing Plaintiff has engaged in "creative pleading" to "bypass FRCP 23"). The parties do not dispute that NYLL claims are governed by the requirements of FRCP 23, and the magistrate judge noted as much. *See* R &R at 3 (citing Fed. R. Civ. P. 23; *Wang v. Hearst Corp.*, 2012 WL 2864524, at *3 (S.D.N.Y. July 12, 2012)) ("But unlike the FLSA, which only authorizes opt-in collective actions, NYLL class allegations are governed by [FRCP] 23."). But Defendants miss the point: The issue of class certification is not presently before the Court. Until a motion for class certification is made, attacks on the sufficiency of Plaintiff's class allegations are premature. *See Hamadou v. Hess Corp.*, 915 F. Supp.2d 651, 669 (S.D.N.Y. 2013) ("Plaintiffs have not yet moved for certification of the NYLL claims. Defendants' motion to strike the NYLL class claims is premature and is denied."); *Wang*, 2012

8

WL 2864524, at *3 (holding that motion to strike class allegations is premature in light of the early stage of the litigation and the "scant discovery" that had occurred); *see also Belsito Commc'ns, Inc. v. Dell, Inc.*, 2013 WL 4860585, at *10 (S.D.N.Y. Sept. 12, 2013) (quoting *Mazzola v. Roomster Corp.*, 849 F. Supp.2d 395, 410 (S.D.N.Y. 2012) (collecting cases)) ("[D]istrict courts in this Circuit frequently have found that a determination [as to] whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the Court in making this determination."); *Id.* at *11 (declining to grant a motion to strike class allegations where "a motion for class certification has yet to be made").

As the magistrate judge correctly noted, courts are reluctant to strike class allegations at the pleading stage before discovery has occurred that would permit the plaintiff to develop his class allegations.  R & R at 6 ("Put simply, courts are reluctant to deny plaintiffs their entitlement to discovery by striking potential class allegations in the initial stages of litigation." (citing *Wang*, 2012 WL 2864524, at *3 (internal citations and quotation marks omitted) ("Motions to strike are generally looked upon with disfavor [and a] motion to strike class allegations . . . is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation . . . before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.") (internal quotation marks and citation omitted)).  Here, no discovery has occurred, so it is entirely unremarkable that Plaintiffs have not satisfied the requirements of Rule 23.  Accordingly, the Court agrees with the magistrate judge that striking Plaintiff's state law claim at this juncture would be inappropriate in light of the lack of discovery and the fact that no motion for class certification has been made yet.

Defendants' citation to *Garcia* does not require a different result.  In *Garcia*, in deciding a motion to dismiss, the court noted that, while an opt-in FLSA plaintiff "has the right to have her

9

related state law claims adjudicated in the same action," and a court may exercise supplemental jurisdiction over the state law claims, "the state law claims on behalf of other potential plaintiffs [could] not be asserted at [that] juncture." *Garcia v. Olamar Food* Corp., 2015 WL 273672, at *2 (S.D.N.Y. Jan. 14, 2014). The *Garcia* court permitted plaintiff leave to replead should individuals later opt-in to the collective action. *Id.* This Court reaches the same result with a different approach.

*Gonzalez* is instructive here. The *Gonzalez* court recognized both that (1) opt-in plaintiffs are parties to all claims, including NYLL claims; and (2) NYLL claims must meet the requirements of FRCP 23 at the class certification stage. *Gonzalez*, 2008 WL 941643, at *3-9 (E.D.N.Y. Mar. 31, 2008). Here, as discussed above, the opt-in plaintiffs are parties to the entire action, and, therefore, are parties to the state law claims. *See supra* section I.B.1. Undoubtedly, at the class certification stage, Plaintiff will have to meet the requirements of FRCP 23. *See Wang*, 2012 WL 286524, at *3. At this point in the litigation, the Court sees no reason to dismiss the state law claims on the basis that they fail to meet the requirements of FRCP 23 only to permit repleading later. The opt-in Plaintiffs will have to meet the requirements of FRCP 23 at the class certification stage, and Plaintiff can move to amend his Complaint to supplement his class allegations when he moves for class certification. Accordingly, Defendants' objections are overruled.

## **CONCLUSION**

Upon due consideration and review, for the reasons discussed above, Defendants' objections to the R & R are overruled and the recommendations contained in the R & R are adopted in their entirety. Accordingly, Defendants' motion to partially dismiss the Complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2017

                                                 /s/
                                      DORA L. IRIZARRY
                                         Chief Judge